IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVIO HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-039 |
| | ) | |
| FRED GAMMAGE, Deputy Warden of Security, Telfair State Prison; WILLIAM DANFORTH, Warden, Telfair State Prison; ROBERT TOOLE, Field Opporations Officer; STEVE UPTON, Classification; TERENCE KILPATRICK; SGT. MIXON; RODNEY MCCLOUD, Prison Official; PHILLIP HALL; and TELFAIR COUNTY,[1] | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

---

[1] The Court **DIRECTS** the Clerk to update the docket in accordance with the caption on this Order.

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff alleges Defendants allowed inmates to form gangs which caused numerous stabbings and beatings between inmates. (Id. at 7-8; doc. no. 16, p. 2; doc. no. 17, p. 2, 4.) When Telfair State Prison was placed on lockdown multiple times after violence erupted, Defendants informed gang leaders on what to do and coordinated gang leaders' ability to inform and instruct their members on how to respond to the escalating violence. (Doc. no. 1, p. 7; doc. no. 13; p. 2-3, 5; doc. no. 19, p. 2.) In one particular instance, Defendants Kilpatrick and Mixon brought a leader of the Blood Gang and a leader of the Crip gang into Plaintiff's dormitory to instruct their members. (Doc. no.19, p. 2.) Plaintiff also claims Defendants have allowed correctional officers to smuggle in contraband such as knives and cell phones for gang members to use. (Doc. no. 1, p. 7.)

Plaintiff alleges as a result of the violence, the prison has repeatedly been placed under lockdown for security purposes and a "shakedown" has resulted in the removal of sixty-eight knives. (See doc. no. 1, p. 7; doc. no. 13, p. 2; doc. no. 16, p. 1.) Defendant Toole allegedly addressed Plaintiff's entire dorm in a speech identifying gang activity as the cause of the lockdowns. (Doc. no. 15, p. 4.)

Plaintiff alleges violence at the prison continues to escalate, attacks between gangs occur on a frequent basis, and although he has filed numerous grievances complaining of an unsafe environment, Defendants have ignored or denied his grievances. (See, e.g., doc. no. 17, p. 2.) Consequently, Plaintiff alleges Defendants have been deliberately indifferent to his risk of harm. (Doc. no. 18, p. 3.) Plaintiff also alleges Telfair County is liable as a municipality under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, (1978). (Doc. no. 19, p. 2.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"

Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Telfair County

Plaintiff attempts to state a claim against Telfair County on the basis of injuries as the result of an official custom, policy, or practice pursuant to Monell, 436 U.S. 658 at 694. (See doc. no. 19, p. 2.) However, Telfair State Prison is operated by the Georgia Department of Corrections, not Telfair County. See *Telfair State Prison*, GEORGIA DEPARTMENT OF CORRECTIONS, http://www.dcor.state.ga.us/GDC/FacilityMap/html/S_50000199.html (last visited October 20, 2016). Telfair County is not responsible for setting any of the policies or procedures at Telfair State Prison; indeed, the county has no affiliation with Telfair State Prison other than location. Since it has no involvement in any alleged misconduct, Plaintiff fails to state a claim as to Telfair County.

### 3. Plaintiff is Not Entitled to a Preliminary Injunction

Turning to Plaintiff's motion for a preliminary injunction, the Court finds Plaintiff is not entitled to relief. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306

4

(11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. Although the Court screened the complaint and found Plaintiff's allegations were arguably sufficient to state a claim, a substantial likelihood of success on the merits presents a much higher hurdle. It is unlikely Plaintiff will prevail in this action in light of his own declarations which cast doubt on a finding of deliberate indifference on the part of any Defendant.

A prison inmate has a constitutional right to be protected from violence and from assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial risk of serious harm, (2) the defendants are deliberately indifferent to the risk, and (3) there is causation. Smith v. Reg'l Dir. Of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010). "To find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he

5

knew of ways to reduce the harm but recklessly declined to act." Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995).

As Plaintiff has declared, Defendants have been actively attempting to reduce Plaintiff's risk of harm through security lockdowns, shakedowns, and a dorm-wide speech directly addressing the gang activity. (Doc. no. 1, p. 7; doc. no. 13, p. 2; doc. no. 15, p. 4; doc. no. 16, p. 1.) Accordingly, Plaintiff cannot show a substantial likelihood of success on the merits because his own declarations suggest Defendants have not disregarded Plaintiff's risk of harm and are responding to the risk in an objectively reasonable manner.

Furthermore, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges "generalized conditions of dangerousness," including the unexplained and undetailed assertion he "remains in eminent danger" and there is a "serious risk of harm from assault," he has not demonstrated a substantial threat of a real and irreparable injury that is imminent. (See doc. no. 16, p. 2-3.)

Plaintiff also fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that

6

federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Requiring prison officials to take specific steps to address problems unique to their prison setting would be such an unwarranted interference. Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Defendant Telfair County be **DISMISSED** and Plaintiff's motion for a preliminary injunction (doc. no. 14.) be **DENIED**. In a companion Order, the Court has allowed to proceed Plaintiff's claims of deliberate indifference to his safety against Defendants Gammage, Danforth, Toole, Upton, Kilpatrick, Mixon, McCloud, and Hall.

SO REPORTED and RECOMMENDED this 24th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA