IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVIO HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-039 |
| | ) | |
| FRED GAMMAGE, Deputy Warden | ) | |
| of Security, Telfair State Prison; | ) | |
| WILLIAM DANFORTH, Warden, | ) | |
| Telfair State Prison; ROBERT TOOLE, | ) | |
| Field Operations Officer; STEVE | ) | |
| UPTON, Classification; TERENCE | ) | |
| KILPATRICK; SGT. MIXON; RODNEY | ) | |
| MCCLOUD, Prison Official; and PHILLIP | ) | |
| HALL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 60.) The Magistrate Judge recommended dismissal of Plaintiff's official capacity and monetary damages claims, but denied Defendants' motion to dismiss Plaintiff's individual capacity claims. (See doc. no. 23.) Nothing in Defendants' objections warrants deviation from the Magistrate Judge's recommendation.

First, Defendants contend the Magistrate Judge erred in inferring subjective knowledge for Defendants Gammage, Danforth, Upton, Toole, McCloud, and Hall by virtue

of their positions as prison officials. Defendants are correct that "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." Wright v. Langford, 562 F. App'x 769, 779 (11th Cir. 2014) (quoting Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir.2008)). However, it is also well established that "[i]nferences from circumstantial evidence . . . can be used to show that a prison official possessed the necessary knowledge." Lane v. Philbin, 835 F.3d 1302, 1308 (11th Cir. 2016); see also Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1100 (11th Cir. 2014).

Plaintiff alleges widespread gang activity throughout the prison. Indeed, Plaintiff notes multiple lockdowns of the entire prison and a shakedown in which sixty-eight knives were removed. (Doc. no. 1, p. 7; doc. no. 13, pp. 2-3, 5; doc. no. 16, p. 1; doc. no. 19, p. 2.) Defendants Gammage, Danforth, Upton, McCloud, and Hall each have positions at TSP where they regularly deal with security and daily operations of the prison. It was reasonable for the Magistrate Judge to conclude that, given the complaint's descriptions of pervasive and widespread violence resulting in lockdowns of the entire prison, these Defendants knew about the alleged conditions.

The Magistrate Judge reasonably inferred Defendants had actual knowledge of the conditions based on both their specific positions as prison officials and the widespread and severe nature of Plaintiff's factual allegations. Such an inference is permissible and consistent with Eleventh Circuit precedent. See Lane, 835 F.3d at 1308; Caldwell, 748 F.3d at 1100; see also Rhiner v. Jones, No. 2:15-CV-14319, 2016 WL 5024170, at *3 (S.D. Fla. Sept. 20, 2016) (holding knowledge could be inferred because of Defendants' positions as Warden and Assistant Warden).

2

Second, Defendants argue the Magistrate Judge erred in failing to grant them qualified immunity because he relied on a district court case for the proposition Defendants' knowledge could be inferred. (Doc. no. 60, pp. 6-7.) However, as detailed above, it is well established in the Eleventh Circuit that inferences can be used to show prison officials possessed the requisite knowledge. See Lane, 835 F.3d at 1308; Caldwell, 748 F.3d at 1100. Therefore, Defendants' second objection also fails.

Finally, Defendants argue the Magistrate Judge erred in failing to dismiss or alternatively narrow Plaintiff's broad claims for injunctive relief. (Doc. no. 60, pp. 7-8.) Defendants rightly contend the PLRA narrows the relief available in prison litigation. See 18 U.S.C. § 3626. However, the Magistrate did not recommend Plaintiff be granted the broad prospective relief he requests. He merely held the narrowing of injunctive relief is best left for a later stage of the case. (See doc. no. 58, p. 17.) Therefore, Defendants' final objection is without merit.

Accordingly, the Court **OVERRULES** Defendants' objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (doc. no. 46), **DISMISSES** all official capacity claims against Defendants, and **DISMISSES** all claims for monetary relief against Defendants.

SO ORDERED this 31st day of August, 2017, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3