IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVIO HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-039 |
| | ) | |
| FRED GAMMAGE, Deputy Warden of Security, Telfair State Prison; WILLIAM DANFORTH, Warden, Telfair State Prison; ROBERT TOOLE, Field Operations Officer; STEVE UPTON, Classification; TERENCE KILPATRICK; SGT. MIXON; RODNEY MCCLOUD, Prison Official; and PHILLIP HALL, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, brought this case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. Before the Court are Plaintiff's motions for injunctive relief in which he asks the Court to order access to a computer and making one building in TSP an all-civilian dormitory or, in the alternative, placing Plaintiff in a facility that houses under 500 inmates. (Doc. nos. 70, 72.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for injunctive relief be **DENIED**.

**I.     BACKGROUND**

Taking all of Plaintiff's allegations as true, the facts are as follows. Defendants have allowed inmates to form gangs, which has caused numerous stabbings and beatings between inmates. (Doc. no. 1, p. 2; doc. no. 17, p. 2, 4; doc. no. 19, pp. 7-8.) When TSP was placed on lockdown multiple times after violence erupted, Defendants informed gang leaders what to do and coordinated gang leaders' ability to inform and instruct their members how to respond to the escalating violence. (Doc. no. 1, p. 7; doc. no. 13, pp. 2-3, 5; doc. no. 19, p. 2.) In one instance, Defendants Kilpatrick and Mixon brought a leader of the Blood Gang and a leader of the Crip Gang into Plaintiff's dormitory to instruct their members. (Doc. no. 19, p. 2.) Defendants have also allowed correctional officers to smuggle in contraband such as knives and cell phones for gang members to use. (Doc. no. 1, p. 7.)

As a result of the violence, TSP has repeatedly been placed under lockdown, and a "shakedown" has resulted in the removal of sixty-eight knives. (See doc. no. 1, p. 7; doc. no. 13, p. 2; doc. no. 16, p. 1.) Defendant Toole allegedly addressed Plaintiff's entire dorm in a speech identifying gang activity as the cause of the lockdowns. (Doc. no. 15, p. 4.) Despite Defendants' attempts to address these issues, violence at TSP continues to escalate and attacks between gangs continue to occur on a frequent basis. (See, e.g., doc. no. 17, p. 2.) Indeed, Warden Hall admitted he could not separate non-gang affiliated inmates because the gangs were so prevalent and "mixed in." (See doc. no. 20, p. 3.) As a result of this violence, Plaintiff is "living in fear." (Doc. no. 10, p. 7.)

## II. DISCUSSION

### A. Legal Standard for Injunctive Relief

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

### B. Plaintiff Is Not Entitled to a Preliminary Injunction Regarding His Computer Access.

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were as outside the scope of the underlying suit.") (citations omitted). Here, Plaintiff is suing Defendants for failure to protect him from a substantial risk of serious harm. However, in his motion, Plaintiff seeks injunctive relief regarding an access to courts claim. See Lewis v. Casey, 518 U.S. 343, 350 (1996) ("The right that Bounds acknowledged was the (already well-established) right of *access to the*

3

*courts* . . . . [W]e had protected that right by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents.") (emphasis in original) (citations omitted). Accordingly, because Plaintiff's request for injunctive relief is "not of the same character that could be granted finally" and deals "with a matter that was wholly outside of the issues in the suit," Plaintiff's request for access to a computer should be denied. Kaimowitz, 122 F.3d at 43.

### C. Plaintiff Is Not Entitled to a Preliminary Injunction Regarding His Housing.

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief regarding his housing. As to his request that he be transferred to a prison with less than 500 inmates, there is no constitutional right to remain at or be transferred from a particular penal institution. See Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) ("prison inmates do not have a constitutionally protected right to remain at a particular penal institution"); Meachum v. Fano, 427 U.S. 215, 227 (1976) (transfer without hearing does not violate Constitution); see also Tate v. Brannen, No. 5:11-CV-249-WLS-MSH, 2012 WL 6968457, at *3 (M.D. Ga. Jan. 23, 2012), *report and recommendation adopted*, No. 5:11-CV-249 WLS, 2013 WL 395976 (M.D. Ga. Jan. 31, 2013) ("Plaintiff has no constitutional right to be transferred from a particular prison."). Accordingly, Plaintiff is not entitled to a preliminary injunction transferring him to another prison.

As to his request that Defendants "make [one] building an all civilian dormitory," Plaintiff has not established the four requirements warranting a preliminary injunction. First, Plaintiff has not offered evidence showing a likelihood of success on the merits. To establish a claim for deliberate indifference to a substantial risk of serious harm, Plaintiff must "show (1)

4

a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014). As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Because "a risk of harm to some degree always exists by the nature of its being a [prison]," not every condition rises to the level of an Eighth Amendment violation. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). However, "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Purcell, 400 F.3d at 1320).

In addition, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Lane, 835 F.3d at 1308. However, "[i]nferences from circumstantial evidence . . . can be used to show that a prison official possessed the necessary knowledge." Id.

Plaintiff presently cannot show Defendants' failure to create a civilian dormitory is

5

deliberate indifference. Although Plaintiff alleges widespread gang activity and supervisory authority, he has submitted no evidence that he has actually been harmed by any gang activity or that Defendants actually are aware of the danger he is in. Furthermore, as Plaintiff has declared, Defendants have been actively attempting to reduce Plaintiff's risk of harm through security lockdowns, shakedowns, and a dorm-wide speech directly addressing the gang activity. (Doc. no. 1, p. 7; doc. no. 13, p. 2; doc. no. 15, p. 4; doc. no. 16, p. 1.) While the Court has allowed Plaintiff to proceed on his claims at the motion to dismiss stage, this does not mean Plaintiff will prevail at summary judgment or at trial. Thus, Plaintiff cannot satisfy the first prong of the test.

Additionally, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges Gangster Disciple members have threatened him and his family as a result of this lawsuit, (see doc. no. 71, p. 1), Plaintiff has suffered no assault or actual physical harm since commencement of this lawsuit, which undercuts any claim he is in imminent danger. Thus, Plaintiff has not shown a substantial threat of a real and irreparable injury that is imminent.

Plaintiff also fails to establish the threatened injury to him outweighs whatever damage

6

the proposed injunction may cause the opposing party and the injunction would not be adverse to the public interest. Plaintiff argues Defendants "have such a large scale of government interest with gang inmates." (Doc. no. 72, p. 3.) However, this conclusory allegation does not establish the need for an injunction. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Requiring prison officials to rearrange their entire prison housing structure would be such an unwarranted interference. Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his request for injunctive relief.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for injunctive relief be **DENIED**. (Doc. nos. 70, 72.)

SO REPORTED and RECOMMENDED this 24th day of April, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA